USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/23/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

HERBERT SPERLING,                           :     73 Cr. 441 (SHS)
                                                  08 Civ. 4383 (SHS)
                Petitioner,    :

   -against-                               :     ORDER

UNITED STATES OF AMERICA,                   :

                Respondent.   :

------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

In this *pro se* petition for a writ of *audita querela*, petitioner seeks to vacate his 1973 conviction, which followed a four week long jury trial, for engaging in a continuing criminal enterprise ("CCE") involving the sale of narcotics, on the grounds that the conviction is invalid pursuant to the decision of the United States Supreme Court in Richardson v. United States, 526 U.S. 813, 119 S. Ct. 1707, 143 L. Ed. 2d 985 (1999). In Richardson, the Supreme Court held that the CCE statute – 21 U.S.C. § 848 – requires jury unanimity as to which three offenses a defendant committed to comprise the "series of violations" constituting the CCE charged. Id. at 824.

Sperling's direct appeal from his 1973 convictions resulted in part in the reversal of his convictions on the three substantive narcotics charges because the government had failed to disclose a letter from a witness to a prosecutor in violation of the government's statutory disclosure obligations set forth in 18 U.S.C. § 3500. See United States v. Sperling, 506 F.2d 1323, 1331-35 (2d Cir. 1974). The United States Court of Appeals for the Second Circuit

affirmed several other counts of conviction. Id. at 1335-37. Sperling now contends that the reversal of the three substantive narcotics convictions must, in light of Richardson, result in this Court's vacating his CCE conviction.

After the Supreme Court decided Richardson in 1999, Sperling sought certification from the Second Circuit pursuant to 28 U.S.C. § 2255(h) to file a successive petition in order to raise the point he raises here. See Sperling v. United States, Order, No. 00-3566 (2d Cir. July 31, 2000). The Second Circuit denied authorization to file a successive petition since the application was not based on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the U.S. Supreme Court. Id. He then filed a Section 2241 petition in the Third Circuit, see Sperling v. Zenk, Mandate, No. 02-1026 (3d Cir. Mar. 27, 2002); Sperling v. Zenk, No. 00-CV-1478 (M.D. Pa. Oct. 31, 2001), and subsequently filed a motion pursuant to Fed. R. Civ. P. 60(b) or for a writ of error *audita querela* before Judge Michael Mukasey in the Southern District of New York, who treated it as a Rule 60(b) motion and denied it on the merits, see Sperling, 2003 WL 21518359.

In that Rule 60(b) motion, Sperling raised the exact same issue he raises here: whether Richardson requires vacating of his CCE conviction. See id. at 1. As noted, in Richardson the Supreme Court held that 21 U.S.C. § 848 requires jury unanimity as to which three offenses a defendant committed to comprise the "series of violations" constituting the continuing criminal enterprise charged in an indictment. In his Opinion and Order dated June 27, 2003 denying Sperling's Rule 60(b) motion, Judge Mukasey recited the extensive procedural history of Sperling's convictions and subsequent motions. See id. at *1-5. Indeed, Judge Mukasey later described that as an "excruciatingly lengthy procedural recitation." United States v. Sperling,

No. 73 CR. 441, 2005 WL 1431721, at *1 (S.D.N.Y. June 17, 2005). In later denying Sperling's motion to reargue his Rule 60(b) motion, Judge Mukasey wrote that Sperling's argument that Richardson compelled a vacating of his sentence had been previously rejected in Sperling's prior motions. Id.

In his lengthy 2003 opinion, in which Judge Mukasey denied Sperling's Rule 60(b) motion on the merits, he held that:

> if there is any fact that is visible with crystalline clarity even through the haze of 30 years, it is that the jury that convicted [Sperling] in 1973 was unanimous as to which three offenses Sperling had committed. . . . [T]he jury was instructed that in order to convict Sperling on the CCE count, it had to conclude beyond a reasonable doubt that he had committed the three offenses charged in the substantive counts that were later dismissed on appeal. See Sperling, 692 F.2d at 226. That is to say, Sperling could not have been convicted of the CCE offense unless the jury at his trial had complied with the unanimity rule later announced in Richardson.

Sperling, 2003 WL 21518359, at *6.

Petitioner advances no new arguments in this *audita querela* petition. The extraordinary writ of *audita querela* is available only "where there is a legal . . . objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." Lee v. United States, No. 05 Civ. 05844, 2007 WL 1987868, at *12 (S.D.N.Y. July 9, 2007) (internal quotations omitted); see United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995); United States v. Persico, Nos. 99 Civ. 4291, 84 Cr. 809, 2000 WL 145750, at *5 (S.D.N.Y. Feb. 7, 2000). As set forth above, Sperling's legal objection based on Richardson has been raised and adjudicated against him previously. It has no merit. Accordingly,

-4-

IT IS HEREBY ORDERED that the petition for a writ of *audita querela* is denied.

Dated: New York, New York
       June 23, 2008

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.